IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIE MAE THOMAS, as daughter
Plaintiff and next friend of LULA CAYSON

vs. CAUSE NO.03-CV-2017-900628

ABCO MONTGOMERY SOUTH HAVEN OPERATING COMPANY LLC, D/B/A SOUTH HAVEN HEALTH AND REHABILITATION CENTER; SSC MONTGOMERY SOUTH HAVEN OPERATING LLC; LARRY HUFFMAN, et al.

Defendants

---

# Exhibit

# A

DOCUMENT 2




**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**WILLIE MAE THOMAS, as daughter and next friend of LULA CAYSON,**

**Plaintiff,**

**vs.** **CIVIL ACTION NO.:**

**ABCO MONTGOMERY SOUTH HAVEN OPERATING COMPANY, LLC, D/B/A SOUTH HAVEN HEALTH AND REHABILITATION CENTER; SSC MONTGOMERY SOUTH HAVEN OPERATING COMPANY, LLC; LARRY HUFFMAN,**

**Defendants.**

**No. 1,** whether singular or plural, that legal entity, pharmacist, pharmacy consultant, pharmacy consultant, or other entity which undertook to provide any pharmacy related services to Lula Cayson on the occasions made the basis of this lawsuit, the negligence, breach of contract or other actionable conduct of which contributed to cause the injuries to Lula Cayson.

**No. 2,** whether singular or plural, that legal entity which, as Director of Nursing, Supervising Registered Nurse, Unit Coordinator, Unit Supervisor or other person/individual who undertook to provide any nursing services, nursing supervisory services, or other related function/services to Lula Cayson on the occasion made the basis of this lawsuit, the negligence, breach of contract or other actionable conduct of whom contributed to cause the injuries to Lula Cayson.

**No. 3,** whether singular or plural, that Administrator, Assistant Administrator, Director of Clinical Services, Director of Operation Services, or other person/entity who undertook to manage the operation at South Have Health and Rehabilitation Center, to ensure compliance with State and Federal Regulations and/or policies and procedures of South Haven Health and Rehabilitation on the occasion made the basis of this lawsuit, the negligence, breach of contract or other actionable conduct of which contributed to cause the injuries to Lula Cayson.

**No. 4,** whether singular or plural, that legal entity, hospital, nursing home, clinic, or other health care facility which undertook to provide medical services to Lula Cayson on the occasion made the basis of this lawsuit, the negligence, breach of contract or other actionable conduct of which contributed to the injuries suffered by Lula Cayson.

**No. 5,** whether singular or plural, that legal entity which undertook to provide medical, diagnostic, rehabilitative, technical or therapeutic services to Lula Cayson on the occasion

made the basis of this lawsuit, the negligence, breach of contract or other actionable conduct of which contributed to cause the injuries to Lula Cayson.

**No. 6,** whether singular or plural, that legal entity which, as owner, officer, director, manager, administrator, consultant, inspector, quality assurance coordinator, stockholder, partner, partnership, associate, association, corporation, professional corporation, parent company, holding corporation, sister corporation, independent contractor, employee, or agent of any of the named or fictitious parties described herein, undertook to provide medical services to Lula Cayson on the occasion made the basis of this lawsuit, the negligence, breach of contract or other actionable conduct of which contributed to cause the injuries to Lula Cayson.

**No. 7,** whether singular or plural, that physician (including an intern, resident, or fellow) who undertook to provide medical services to the Lula Cayson on the occasion made the basis of this lawsuit, the negligence, breach of contract or other actionable conduct of whom contributed to cause the injuries to Lula Cayson.

**No. 8,** whether singular or plural, that physician (including an intern, resident, or fellow) who undertook to prescribe medications and controlled substances to Lula Cayson on the occasion made the basis of this lawsuit, the negligence, breach of contract or other actionable conduct of whom contributed to cause the injuries to Lula Cayson;

**No.9,** whether singular or plural, that nurse, assistant, technician, aide or orderly who undertook to provide medical services to Lula Cayson on the occasion made the basis of this lawsuit, the negligence, breach of contract or other actionable conduct of whom contributed to cause the injuries of Lula Cayson.

**No. 10,** whether singular or plural, that medical services therapist, technician, or worker who undertook to provide medical services to Lula Cayson on the occasion made the basis of this lawsuit, the negligence, breach of contract or other actionable conduct of whom contributed to cause the injuries to Lula Cayson.

**No. 11,** whether singular or plural, that legal entity, which was a/an owner, officer, director, manager, administrator, consultant, inspector, quality assurance coordinator, stockholder, partner, partnership, associate, association, corporation, professional corporation, parent company, holding corporation, sister corporation, independent contractor, employee, or agent of any of the named or fictitious parties described herein, and which, through its relationship with said named or fictitious Defendants, was responsible for the conduct and actions of said Defendants.

**No. 12,** whether singular or plural, that legal entity which was the principal of any of the named or fictitious party Defendants.

**No. 13,** whether singular or plural, that legal entity which is the successor-in-interest of any of the named or fictitious party Defendants.

**No. 14,** whether singular or plural, that legal entity, other than those described above. the negligence, breach of contract or other actionable conduct of whom contributed to cause the injuries to Lula Cayson on the occasion made the basis of this lawsuit.

Plaintiff avers that the identities of the fictitious party Defendants herein are unknown to the Plaintiff or her attorneys at this time or, if their names are known to the Plaintiff facts which identify them as proper party Defendants intended to be sued are not known to the Plaintiff or her attorneys at this time; their true names will be substituted by amendment when ascertained.;

**Defendants.**

---

# COMPLAINT

---

Comes the Plaintiff Lula Cayson, by and through her daughter and next friend Willie Mae Thomas, and for her Complaint against the Defendants asserts the following:

## PARTIES

1. Plaintiff Lula Cayson is an adult resident of Montgomery County, Alabama and at all times pertinent to this action, resided at the nursing facility in Montgomery County, Alabama known as South Haven Health and Rehabilitation Center, LLC.

2. Willie Mae Thomas, daughter and next friend of Plaintiff Lula Cayson, is an adult resident of Montgomery County, Alabama. Due to Ms. Cayson's infirmities and diminished capacity, this action is brought on her behalf by her daughter and next friend, Willie Mae Thomas.

3. ABCO Montgomery South Haven Operating Company d/b/a South Haven Health and Rehabilitation Center (hereinafter "ABCO Montgomery Operating ") is a foreign corporation licensed and authorized to do business in Alabama, and with its principal place of business in Montgomery County, Alabama. At all times pertinent to his action, Defendant ABCO Montgomery Operating owned and operated a nursing facility known as South Haven Health and Rehabilitation (hereinafter "South Haven") in Montgomery County, Alabama. At all times pertinent to this action, ABCO Montgomery Operating has been licensed with the State of Alabama to provide nursing care and services on a for-profit basis in the State of Alabama. As such, South Haven is subject to federal law as well as laws of the State of Alabama governing the operation of nursing facilities.

4. Defendant SSC Montgomery South Haven Operating Company, LLC (hereinafter "SSC Montgomery Operating") is, upon information and belief a foreign corporation licensed and authorized to do business in Alabama, and with its principal place of business in Montgomery County, Alabama. At all times pertinent to this action, Defendant SSC Montgomery Operating was involved in the operations and management of the nursing facility known as South Haven Health and Rehabilitation in Montgomery, Alabama. As such, SSC Montgomery Operating is subject to federal law as well as the laws of the State of Alabama governing the operation of nursing facilities.

5. Defendant Larry Huffman is an adult resident of Montgomery County, Alabama and, at all times pertinent to this action, has served as the Administrator at the nursing facility known as South Haven Montgomery. As Administrator of the facility, Mr. Huffman is charged with the responsibility for the management of the nursing home, and ensuring that the residents

at the facility receive good quality care in order to maintain their health status, and that the care and treatment they are provided is consistent with the requirements of both state and federal nursing facility regulations and with Defendants' ABCO Montgomery Operating's and SSC Montgomery Operating's own policies and procedures. Mr. Huffman negligently and/or wantonly failed to discharge his duties to ensure that good care and treatment was provided consistent with applicable regulations and polices to Lula Cayson. These failures on his part constitute breaches of the applicable standard of care, and combined and concurred with other acts of negligence described hereinbelow to cause severe and permanent injuries to Lula Cayson.

Defendants ABCO Montgomery South Haven Operating Company LLC and SSC South Haven Montgomery Operating Company LLC will be, at times, referred to collectively in this Complaint as "SSC Montgomery".

**STATEMENT OF FACTS**

On or about October 20, 2016, Lula Cayson was discharged from Baptist East hospital in Montgomery, Alabama and admitted to South Haven as a nursing home resident. At the time of her discharge from Baptist East hospital, she had been prescribed intravenous Vancomycin in order to treat a staph infection. Vancomycin is a powerful antibiotic used to treat infections, and is known to pose a risk for serious side effects such as vascular damage and kidney damage. As a result, orders were also given at Baptist hospital for basic metabolic panels as "Chem 7's" which are lab tests performed in order to gauge among other things, a person's chemistry, including lab values indicating renal function in order to ensure that it is safe to continue to administer the drug. More specifically, the orders related to the administration of IV Vancomycin and Chem 7 labs with respect to Lula Cayson were such that she was supposed to

receive administrations of Vancomycin over a 12 day period, and was supposed to have Chem 7 lab test done every 4 days in order to ensure that it was safe to continue to administer the drug. Despite these orders, and despite the administration of Vancomycin while Ms. Cayson was a resident at South Haven Montgomery, the Chem 7 lab tests were never conducted a single time during the period which she was taking Vancomycin.

Between the period of October 20, 2016 and November 18, 2016, Ms. Cayson was required to receive her nutrition and hydration via a Percutaneous Endoscopic Gastrostomy ("PEG") tube. During this period of time, the Defendants negligently and/or wantonly failed to ensure that her PEG tube was properly placed, that it was properly maintained and flowing freely so that she could receive the appropriate amounts of nutrition and hydration in order to keep her nourished and hydrated. These failures, all in violation of the Alabama Medical Liability Act as breaches of the applicable standard of care, combined and concurred with other negligent acts and omissions described hereinbelow to cause severe and permanent injuries to Ms. Cayson as described below.

Around November 18, 2016, Ms. Cayson's son and sponsor noted a change in her condition and notified the nursing staff at South Haven Montgomery of her decline in condition. As a result of being notified of this change by Ms. Cayson's son, labs were conducted on Lula Cayson on November 18, 2016 which showed elevated potassium, elevated sodium and other lab values which indicated, among other things, dehydration and acute renal failure. At that time, Ms. Cayson was transferred to Baptist South hospital emergency department where she was diagnosed as suffering from acute renal failure, dehydration, hyperkalemia, hypernatremia, malnutrition, pressure sore and altered mental status. After receiving treatment for 5 days at Baptist South hospital, Ms. Cayson was returned to South Haven Montgomery Health and

Rehabilitation. Over the next 2 to 3 months, the nurses and other staff at South Haven failed to ensure that she was properly nourished and hydrated, failed to ensure that her blood sugar was maintained in an appropriate and healthy range, and failed to prevent her from suffering falls. These failures and negligent care and treatment of Lula Cayson continued into February 2017, at which time her family was able to locate a bed at another facility, and moved her out of South Haven Montgomery to a different skilled nursing facility. All of the failures to provide good care and treatment for Lula Cayson, as described hereinabove and hereinbelow, constitute violations of both State and Federal Nursing Facility Regulations as well as violations of the Defendants own policies and procedures. Moreover, all of the failures to provide good quality care and treatment for Lula Cayson described hereinabove and hereinbelow constitute breaches of the applicable standard of care under the Alabama Medical Liability Act. Moreover, all of the failures to provide good care and treatment to Lula Cayson described hereinabove and hereinbelow proximately resulted in serious and permanent injuries to Lula Cayson, including but limited to dehydration, acute renal failure, organ damage, malnutrition, pressure sores, and other injuries and damages.

As a result of these failures to provide good care and treatment to Lula Cayson, the Alabama Department of Public Health conducted an Incident Survey relating to Ms. Cayson's care and treatment at South Haven Montgomery between the dates of November 29, 2016 through December 3, 2016. As a result of the Incident Survey conducted by the Alabama Department of Public Health, it was determined that South Haven Montgomery Health and Rehabilitation Center had violated numerous Federal Nursing Facility Regulations in the care and treatment of Ms. Cayson. Moreover, it was determined that the failures to provide care and treatment to Ms. Cayson placed her in "Immediate Jeopardy" (also known as a "IJ" finding)

which means "a situation in which the facility's noncompliance with one or more requirements of participation has allowed/caused/resulted in, or is likely to allow/cause/result in serious injury, harm, impairment or death to a resident; and requires immediate correction, as the facility either created the situation or allowed the situation to continue by failing to implement preventative or corrective measures. In addition to the above, when the Alabama Department of Public Health Surveyors returned in January of 2017, they determined that the Defendants had not effectively corrected the deficiencies in violations of federal regulations, and therefore, the Defendant's contract with Medicare and Medicaid was canceled.

The Federal Nursing Facility Regulations state "a facility must be administered in a manner that enables it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident." The Defendants violated this regulation in that the facility's administrative staff, including Administrator Larry Huffman failed to ensure that the physician orders requiring Chem 7 labs to be conducted while Ms. Cayson was on Vancomycin were added to Ms. Cayson's nursing home chart, were implemented, that her condition was properly monitored during this period of time when she was receiving the drug Vancomycin, that she remained properly nourished and hydrated, and that adequate and prompt medical attention was obtained as she became injured and her condition declined.

Throughout her residency at South Haven Montgomery, the Defendants failed to take the appropriate care and treatment measures which they are required to administer to Lula Cayson. All of the actions and failures to act by the Defendants and their agents and employees, described hereinabove and hereinbelow, constitute negligence on the part of the Defendants which

proximately caused serious and permanent injuries to Lula Cayson, described hereinabove and hereinbelow.

6. On all of the occasions complained hereinabove and hereinbelow, Lula Cayson was under the care, supervision and treatment of the Defendants and agents and employees of the Defendants. At all times, the Defendants had actual notice and knowledge of Lula Cayson's medical conditions, and her functional needs and requirements for care and treatment in order to make certain that she remained in good health.

7. The Defendants were aware of Lula Cayson's medical conditions and functional abilities and needs and the care that she required, or reasonably would be expected to require during her residency, and the Defendants represented that they could adequately care for her needs upon admission and on other occasions.

8. The Defendants actively sought admission of residents with similar medical and nursing needs to those of Lula Cayson in order to fill empty beds and to increase their rate of occupancy and overall revenues.

9. In an effort to ensure that Lula Cayson and other residents were placed at South Haven, the Defendants held themselves out to the Alabama Department of Public Health, the Alabama State Board of Health and the public at large as being:

a. Skilled in the performance of nursing and other medical support services;

b. Properly staffed, supervised and equipped to meet the total needs of its nursing home residents;

c. Able to specifically meet the total nursing home and medical needs of Lula Cayson and other residents like her.

On the bases of the above representations by the Defendants and the Defendants' employees and agents, Lula Cayson's family and her medical treatment providers relied thereon and Ms. Cayson became a resident at South Haven Montgomery.

10. The Defendants and all fictitious party Defendants wholly failed to discharge their obligations of care to Lula Cayson as stated hereinabove and hereinbelow. As a proximate consequence of these failures by the Defendants, Lula Cayson suffered severe and permanent injuries and damages.

**RESPONDEAT SUPERIOR/AGENCY**

Plaintiff adopts and realleges each and every previously stated provision of this Complaint as if fully set out herein.

11. During Lula Cayson's residency at South Haven, certain nurses, aides and care providers and/or one or more named and/or fictitious Defendants, undertook to and did provide care and services to Lula Cayson. At all times relevant herein, certain nurses, aides, and care providers and/or one or more named and/or fictitious Defendants, acted as agents and/or employees of South Haven and/or one or more fictitious Defendants, within the line and scope of their employment or agency; and/or acted on behalf of and for the benefit of Defendants, and/or one or more fictitious Defendants; and their conduct and actions were authorized and ratified by said Defendants, and done for the benefit of Defendants. South Haven and one or more fictitious Defendants are liable to Plaintiff under the doctrine of *respondeat superior* and under the principles of agency.

12. At all times relevant herein, all health care providers, including nurses, aides, technicians, administrators, managers, and supervisors acted as agents and/or employees of named and fictitious Defendants, within the line and scope of their

employment or agency; and/or acted on behalf of and for the benefit of named and fictitious Defendants; and their conduct and actions were authorized and ratified by named and fictitious Defendants and done for the benefit of named and fictitious Defendants. As a result, one more of the named and fictitious Defendants are liable to Plaintiff under the doctrine of *respondeat superior* and under the principles of agency.

13. At all times relevant herein, South Haven and certain nurses, aides, and health care providers, and/or one or more of the fictitious Defendants, owned, rented, used, supplied, furnished, inspected, quality-controlled, controlled, had custody of, and/or did and had a duty to retain and maintain responsibility for the nursing home equipment, premises, supplies and personnel. Defendants negligently and recklessly failed to properly inspect and maintain the above-described equipment, premises, supplies and personnel. One or more named and fictitious Defendants are liable to Plaintiff under the doctrine of *respondeat superior* and under the principles of agency.

**COUNT ONE- NEGLIGENCE/WANTONNESS**

Plaintiff adopts and realleges each and every previously stated provision of this Complaint as if fully set out herein.

14. South Haven Health and Rehabilitation is licensed as a skilled nursing facility by the Alabama State Board of Health, Division of Licensure and Certification, Ala. Admin. Code, Chapter 420-5-10 and Alabama Code §22-21-20. As a skilled nursing home facility receiving public funds, South Haven also is subject to the regulatory standards found in 42 C.F.R. part 483 (Requirements for States and Long-Term Care Facilities), and the Nursing Home Reform Act, 42 U.S.C. §1396 (also known as the Omnibus Budget Reconciliation Act of 1987 or "OBRA").

DOCUMENT 2

15. The state and federal laws and regulations described above create a legal duty that requires the Defendants to provide appropriate nursing care and services to each of the its residents.

16. The Plaintiff alleges that the Defendants violated their duty to provide appropriate nursing care and services and that these violations caused severe and pertinent injuries to Mary Ellon Sides.

17. The Defendants, including all fictitious party Defendants, owed a duty to the residents, including Lula Cayson, to hire, train and supervise employees so that such employees delivered care and services to residents which complied with the standard of care for nursing homes.

18. The employees of the Defendants owed a duty to residents, including Lula Cayson, to render care and services as a reasonably prudent and similarly situated nursing home would render, including, but not limited to, rendering care and services which complied with the applicable standard of care for nursing homes.

19. The Defendants and their employees, and/or consultants, and/or agents breached their statutory and common law duties as set for hereinabove and hereinbelow. The breaches of duties by the Defendants described in this Complaint all constitute breaches of the applicable standard of care in violation of the Alabama Medical Liability Act.

20. The negligent and wanton conduct of the Defendants, their employees, agents and/or consultants and/or fictitious Defendants named herein, includes but is not limited to, the failure of Defendants to do one or more of the following acts and omissions which proximately caused severe and permanent injuries to Lula Cayson:

a. The failure to provide care in accordance with physicians orders, Defendants' policy and procedure, and state and federal regulations.

b. The failure to provide adequate supervision to the nursing staff in order to ensure that Lula Cayson received adequate and proper care;

c. the failure of nursing staff and other employees and agents of South Haven to properly and fully monitor Lula Cayson's condition, and to report fully and accurately all necessary information regarding her condition to the appropriate medical personnel as required by Defendants' policies and applicable law and regulations;

d. The failure to properly train and supervise employees and the negligent entrustment of Lula Cayson's day-to-day care to improperly trained and supervised employees;

e. The failure to adequately assess, evaluate, monitor and/or supervise employees to assure that proper nursing care was provided in accordance with the Defendants' policy and procedures manual, the rules of the Alabama State Board of Health for nursing facilities, and the regulations of the U. S. Department of Health and Human Services;

f. The failure of the Defendants to adequately supervise the Administrator of South Haven and make certain the Administrator properly carried out the policies and procedures and make sure that the facility's employees and/or agents and/or consultants were in compliance with all applicable rules and regulations of the Alabama State Board of Health for nursing facilities and the regulations of the U.S. Department of Health and Human Services;

g. The failure to adequately monitor and/or supervise the Director of Nursing at South Haven to make sure that the Director of Nursing properly carried out the policies and procedures of South Haven and make sure that South Haven's employees and/or agents and/or consultants were in compliance with all applicable rules and regulations of the Alabama State Board of Health for nursing facilities and the regulations of the U.S. Department of Health and Human Services;

h. The failure to provide a nursing staff that was properly manned, qualified, and trained and motivated to carry out the policies and procedures of Defendants and to make sure Defendants and/or its agents and/or its consultants were in compliance with all applicable rules and regulations of the Alabama State Board of Health for nursing facilities and the regulations of the U.S. Department of Health and Human Services;

i. The failure to adequately screen, evaluate and check references, test for competence and use ordinary care in selecting personnel to work at South Haven;

j. The failure to terminate employees at South Haven assigned to Lula Cayson who were known to be careless, incompetent, unwilling to comply with the policies and procedures of the Defendants and the rules and regulations promulgated by the Alabama State Board of Health;

k. The failure to develop a comprehensive and interdisciplinary care plan based upon the needs of Lula Cayson at the time of his admission to South Haven and continuing until the time of her discharge from South Haven;

l. The failure to implement and follow any and all care plans in place for Lula Cayson and to ensure that adequate care plan revisions and modifications were made in order to suit the needs of Lula Cayson from the time of her admission until the time of her discharge from South Haven;

m. The failure to conduct comprehensive and accurate assessments of Lula Cayson beginning at the time of her admission and continuing up until the time of her discharge from South Haven;

n. The specific failures by the Defendants, their employees, consultants and agents consisted of, but were not limited to the following:

1. The failure to conduct Chem 7 labs as ordered for Lula Cayson;

2. The failure to provide appropriate and necessary nutrition and hydration for Lula Cayson;

3. The failure to properly monitor Lula Cayson's condition for dehydration, acute renal failure, malnutrition, pressure sores and other injuries and illnesses which she acquired at South Haven Montgomery and which resulted in severe and permanent injuries and damages;

4. The failure to measure fluid intake, output and hydration status;

5. The failure to monitor Lula Cayson for severe side effects to the antibiotic drugs that she was being administered;

6. The failure to promptly obtain medical care for Lula Cayson as her condition declined;

7. The failure to notify a physician and family of the decline in Lula Cayson's condition;

8. The failure to ensure that Lula Cayson had a properly functioning and maintained PEG tube in order to provide adequate nourishment and hydration to meet her needs.

9. Failure to implement all necessary skin breakdown/pressure ulcer preventative measures in order to prevent Lula Cayson from developing pressure ulcers.

o. The failure to ensure that employees, agents, consultants and other persons associated with the Defendants provided appropriate medical treatment, care and other required actions based upon assessments of Lula Cayson's conditions, and the failure to ensure that employees and agents fully and accurately reported Lula Cayson's condition, and changes in her condition to medical personnel as required by Defendants' policy and by all applicable laws and regulations;

p. The failure to adopt and/or follow adequate guidelines, policies and procedures for documenting, maintaining files, investigating and responding to complaints regarding patient care, or misconduct by employees at South Haven Montgomery, no matter whether such complaint derived from a resident of said facility, an employee of said facility or any interested person.

21. A reasonably prudent nursing home, operating under the same or similar conditions would not have failed to provide the care listed above. Each of the foregoing acts and/or patterns of negligence, wantonness and/or recklessness on the part of the Defendants, including fictitious party Defendants, operating separately, in combination of two or more Defendants jointly and cumulatively, was a proximate cause of the severe and permanent injuries suffered by Lula Cayson described more specifically as follows:

a. Severe dehydration;

b. Renal failure;

c. Hypernatremia;

d. Hyperkalemia;

e. Organ damage;

f. Malnutrition;

g. Pressure sores;

h. Decline in condition;

i. Extensive medical treatment;

j. Extensive future medical treatment;

k. Extreme pain and suffering;

l. Extreme mental anguish

m. Emotional distress

n. Overall decline in condition;

o. Loss of enjoyment of Ms. Cayson's life;

p. Ongoing, continuous and permanent pain and suffering, mental anguish and emotion distress which Ms. Cayson will suffer with for the rest of her life;

q. Medical expenses and future medical expenses.

WHEREFORE, Premises Considered, on the basis of the foregoing, Plaintiff requests that the jury selected to hear this case render a verdict for the Plaintiff and against the Defendants and award damages in an amount which will fully compensate Ms. Cayson for the damages suffered as a proximate consequence of the Defendants negligence and wantonness and further aware punitive damages in an amount which will reflect the wrongfulness of the Defendant's conduct and Plaintiff's injuries, as well as an amount which will serve to deter similar wrongful conduct in the future. Further, Plaintiff requests that the Court enter judgment consistent with the jury's verdict and that it also award Plaintiff interest from the date of the judgment and the costs incurred by the Court in managing this lawsuit.

s/PERRY G. SHUTTLESWORTH, JR.
Perry G. Shuttlesworth, Jr.
Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY**

s/PERRY G. SHUTTLESWORTH, JR.
Perry G. Shuttlesworth, Jr.

***OF COUNSEL:***

Shuttlesworth Lasseter, LLC
19 Richard Arrington Jr. Blvd. North
Birmingham, Alabama 35203
(205) 328-1411 Facsimile
(205) 322-1411 Telephone

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

ABCO Montgomery South Haven Operating Company, LLC
d/b/a South Haven Health and Rehabilitation Center
c/o The Corporation Company
2000 Interstate Park Drive, Ste. 204
Montgomery, AL 36109

Larry Huffman
c/o South Haven Health & Rehabilitation Center
1300 E South Blvd.
Montgomery, AL 36116

SSC Montgomery South
Haven Operating Company, LLC
c/o CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104