IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE MAY THOMAS as daughter and next friend of Lula Cayson, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:17-CV-400-WKW ) [WO] |
| ABCO MONTGOMERY SOUTH HAVEN OPERATING COMPANY LLC, doing business as South Haven Health and Rehabilitation Center, SSC MONTGOMERY SOUTH HAVEN OPERATING COMPANY, LLC, and LARRY HUFFMAN, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

Before the court are the Magistrate Judge's Recommendation (Doc. # 16) and Defendants' untimely [1] objection (Doc. # 17). As explained below, the Recommendation is due to be adopted; Defendants' objection is due to be overruled; and this case is due to be remanded to the Circuit Court of Montgomery County, Alabama.

On June 21, 2018, Defendants filed a Notice of Removal in this court alleging diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff Willie

---

[1] Although the objection is untimely and leave to file out of time has not been sought, the objection will be considered.

May Thomas is a citizen of Alabama. Although Defendant Larry Huffman is a citizen of Alabama and complete diversity of citizenship is lacking, Defendants argue that Plaintiff only included Huffman in this suit for the sake of defeating subject-matter jurisdiction. Because Plaintiff cannot state a claim against Huffman, Defendants argue, he was fraudulently joined, the action is due to be dismissed as it relates to Huffman, and this court has subject-matter jurisdiction.

"When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). With this in mind, the Magistrate Judge found that Defendants "failed to meet the heavy burden of showing that there is no possibility that [Plaintiff] can[] succeed on her AMLA claims against Huffman." (Doc. # 16, at 9.) Because Defendants did not establish that Huffman was fraudulently joined, the Magistrate Judge found, complete diversity of citizenship is lacking, and the case must be remanded to state court.

In objecting to the Magistrate Judge's Recommendation, Defendants argue that Larry Huffman — the administrator of South Haven Health and Rehabilitation Center — is not a "health care provider" within the meaning of section 6-5-481 of the Alabama Code, so he cannot be liable to Plaintiff for any alleged damages, and his presence in this case is the result of fraudulent joinder. Under Alabama law,

Huffman would be a health care provider if he is "directly involved in the delivery of health care services." Ala. Code § 6-5-481(8).

In support of their argument, Defendants cite *Moore v. Fresenius Medical Care Holdings, Inc.*, No. CIV.A. 14-381-KD-N, 2014 WL 5456548 (S.D. Ala. Oct. 27, 2014), as an example of a court applying Alabama law to find that someone like Huffman was not a "health care provider" in this context. There, the defendant in question swore that she had neither "provided direct patient care" nor "oversee[n] hemodialysis treatment." *Id.* at *4 (alteration in original). In contrast, here, Huffman has sworn only that he has never been licensed to provide medical care and that he "never provided medical care to Lula Cayson." (Doc. # 1-2, at 2.) Even taken as true,[2] this statement would not dictate that Huffman was not "directly involved in the delivery of health care services." Ala. Code § 6-5-481(8); *cf. id.* § (1) (defining *medical practitioner* as one "licensed to practice medicine"). Plaintiff's complaint alleges that Huffman "is charged with the responsibility for the management of the nursing home, and ensuring that the residents at the facility receive good quality care in order to maintain their health status." (Doc. # 1-1, at 5–6.) Defendants do not clearly dispute this description, and the court agrees with the

---

[2] The court is mindful that it must "evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538.

Magistrate Judge's conclusion that it may —"arguabl[y]"— fall within the meaning of health care provider under Alabama law. *See Crowe*, 113 F.3d at 1538.

For these reasons, Defendants' objection is without merit; the Magistrate Judge's Recommendation is due to be adopted; and this case is due to be remanded to the Circuit Court of Montgomery County, Alabama. Accordingly, it is ORDERED that:

1. The Recommendation of the Magistrate Judge (Doc. # 16) is adopted;

2. Plaintiff's motion to remand (Doc. # 6) is GRANTED and this action is REMANDED to the Circuit Court of Montgomery County, Alabama; and

3. The Clerk of the Court is DIRECTED to take the necessary steps to effectuate remand.

DONE this 17th day of July, 2018.

       /s/ W. Keith Watkins
       CHIEF UNITED STATES DISTRICT JUDGE